THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PETER RIMKUS, Defendant.

City Court of Utica, October 4, 1948.

*Henry Capelli* for defendant.

*Robert E. Morris, District Attorney (J. Maynard Jones* of counsel), for plaintiff.

WALSH, J. Motion to dismiss denied. Upon an arraignment in City Court upon a felony information, the sole duty of the magistrate is to determine whether or not a crime has been committed and that there is sufficient cause to believe the defendant guilty thereof (Code Crim. Pro., § 208). The sole basis of the motion is that defendant is charged with a felony. (Penal Law, § 483-a) in the information by carnally abusing a child of the age of ten years or under whereas the facts alleged in the information show the victim was an infant of the age of ten years and two months at the time of the alleged crime making the crime that of the grade of a misdemeanor (Penal Law, § 483-b).

It is immaterial whether the crime charged be a felony or a misdemeanor since both the Grand Jury and the Utica City Court have concurrent jurisdiction of indictable misdemeanors committed within the city of Utica. (Utica City Court Code, § 4; L. 1882, ch. 103, as amd. by L. 1926, ch. 588, § 1.) In addition, the Utica City Court has '' power in its discretion to admit any defendant charged with a misdemeanor to bail to await the action of any grand jury '' (Utica City Court Code, § 4).

The case of *People* v. *O'Neill* (53 N. Y. S. 2d 945) while sound law on a motion to dismiss an indictment which on its face is invalid is not controlling authority on a motion to dismiss a felony information.